**Reversed and Remanded and Memorandum Opinion filed December 21, 2021.**



In The

# Fourteenth Court of Appeals

———————————————

## NO. 14-20-00237-CV

———————————————

**DOJO BAYHOUSE, LLC, Appellant**

**V.**

**TOM PICKFORD, Appellee**

———————————————

**TOM PICKFORD, Appellant**

**V.**

**DOJO BAYHOUSE, LLC, Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-60692-A**

---

## M E M O R A N D U M   O P I N I O N

Appellant DOJO Bayhouse, LLC, appeals a final order dismissing its legal action against Tom Pickford under the Texas Citizens Participation Act

("TCPA").[1] DOJO contends the trial court erred because the TCPA does not apply for two independent reasons: (1) Pickford failed in his initial burden to show by a preponderance of the evidence that the act applies; and (2) DOJO's claims fall under the act's commercial-speech exemption.

We conclude that the TCPA does not apply to DOJO's legal action because none of its claims are based on, related to, or in response to Pickford's exercise of the right to petition, association, or free speech under the TCPA. This is so because DOJO did not allege, and there is no evidence of, a "communication" by Pickford as defined by the applicable version of the act. Based on our holding, we need not address DOJO's alternative argument that the commercial-speech exemption applies. We reverse and remand for further proceedings.

## Background

In its petition, DOJO alleged that an entity known as CKR Property Management, LLC, acted as DOJO's agent in managing the Bay House Apartments. CKR presented two tenants with a notice of lease termination, which stated that their lease would terminate in five days and required them to vacate their apartment within that period.[2]

The tenants' attorney mailed CKR a letter, which advised of the tenants' intent to sue DOJO for breach of contract and fraud. A CKR representative emailed the letter to Patrick Drake, an attorney then working for the law firm Hoover Slovacek. In the email, CKR noted that it attached a copy of the letter and a copy of the lease. CKR's representative concluded the email by stating, "[p]lease let me know what I need to do from here on." According to DOJO, Drake

---

[1] Tex. Civ. Prac. & Rem. Code §§ 27.001-.011.

[2] According to evidence presented with Pickford's TCPA motion to dismiss, management deemed the unit uninhabitable due to a recent natural disaster or catastrophe.

2

responded that he would render legal services on DOJO's behalf and Drake agreed to draft a response to the letter.

Several months after CKR emailed the tenants' letter to Drake, the tenants sued DOJO in Harris County District Court.[3] DOJO filed a third-party petition against CKR and Hoover Slovacek, and the trial court severed those claims into a separate action.[4] Appellee Pickford, another of Hoover Slovacek's lawyers, represented Hoover Slovacek in the severed proceeding. DOJO later dismissed its claims against Hoover Slovacek in that action. DOJO settled the tenants' claims.

DOJO then filed the present lawsuit against Drake, Hoover Slovacek, and Pickford. DOJO contended that Drake, by representing he would take legal action on DOJO's behalf with respect to the tenants' claims, created an implied attorney-client relationship with DOJO "via DOJO's agent, CKR." DOJO alleged that Drake, Hoover Slovacek, and Pickford failed to provide timely notice to DOJO of the tenants' claims despite having received the tenants' notice letter and a demand letter stating they would sue DOJO. Further, DOJO alleged that neither Pickford nor Drake took affirmative steps to correct DOJO's understanding regarding the agreement to provide legal services on DOJO's behalf regarding the tenants' claims.

DOJO asserted claims for breach of contract and professional negligence. In support of its contract claim, DOJO alleged that "Patrick Drake contracted with DOJO to be its registered agent of service. As such, Drake had an affirmative duty to forward all notices and demands to DOJO." Further, DOJO contended that all three defendants "breached their contractual duties by failing to send all notices

---

[3] Cause number 2017-63226, *Moises Penaloza and Maria Sepulveda Ramos v. DOJO Bay House, LLC*, in the 151st Judicial District Court.

[4] Cause number 2017-63226-A, *DOJO Bay House, LLC v. Hoover Slovacek, LLP*, in the 151st Judicial District Court.

3

and demands to DOJO." According to DOJO, the defendants' breach caused DOJO to incur legal expenses to defend the tenants' lawsuit, including a settlement "at a value much greater than that of the lawsuit, pre-litigation."

In support of its professional negligence claim, DOJO alleged that all three defendants "committed professional malpractice and violated the State Bar of Texas professional standards." Again, the only damage alleged is DOJO's cost of defense and a settlement at an amount allegedly greater than it would have been had the defendants timely notified DOJO of the tenants' pre-suit letter.

Though DOJO sued Drake, Hoover Slovacek, and Pickford, this appeal concerns only the claims against Pickford. In his motion to dismiss under the TCPA, Pickford argued that all of DOJO's claims against him were not based on the tenants' lawsuit but rather emanated from another lawsuit arising out of DOJO's termination of its management agreement with CKR.[5] As Pickford argued, "all of DOJO's claims against Pickford emanate directly and solely from his legal representation of his clients, CKR (in the unrelated Lawsuit against Longoria), and [Hoover Slovacek] (in the Prior Lawsuit)." This legal representation, according to Pickford, constituted an exercise of his rights to free speech, association, and petition under the TCPA. Pickford asserted that "[t]he allegations made in CKR's Lawsuit against Longoria, and the communication of said allegations between CKR and its lead counsel Pickford . . . constitute an 'exercise of the right of free speech' of CKR and Pickford[,] which right was exercised between CKR's [sic] and attorney Pickford." Pickford also contended that his representation of CKR in the Longoria suit was an exercise of his "right to

---

[5] While the tenants' suit was pending, DOJO terminated its contract with CKR and hired a new management company. DOJO retained several former CKR employees, including one named Denise Longoria. CKR sued Longoria for breach of her employment agreement. Pickford represented CKR in that suit, which was submitted to arbitration.

associate with CKR" and that "the Lawsuit against Longoria itself invokes the right to petition."

Pickford attached his affidavit and other evidence to his motion to dismiss. In his affidavit, Pickford denied an attorney-client relationship with DOJO, particularly during the time the tenants' attorney first mailed the notice letter to CKR. Pickford averred that he had never performed legal work on DOJO's behalf; that CKR never asked him to perform legal work on DOJO's behalf; and that he had no knowledge of the tenants identified in the tenants' lawsuit, or of their claims, or of the lawsuit itself, until December 2017—which was approximately nine months after the date the tenants' first notice letter was emailed to Drake.

DOJO responded to Pickford's motion to dismiss and argued that the TCPA did not apply. DOJO asserted that Pickford's motion mischaracterized DOJO's petition by focusing on the "completely irrelevant" Longoria and Hoover Slovacek lawsuits, when DOJO's claims against Pickford instead were based on his alleged failure to timely provide notice of the tenants' claims. DOJO did not attach any evidence to its response.

The trial court granted Pickford's motion to dismiss and then severed DOJO's claims against Pickford from the remaining claims, thus creating a final judgment. In the final judgment, the court dismissed DOJO's claims against Pickford with prejudice and awarded Pickford attorney's fees. The court did not assess sanctions against DOJO. DOJO appeals the dismissal, and Pickford appeals the failure to award sanctions.

## Issues Presented

In the first part of its argument, DOJO argues that the TCPA does not apply to its claims against Pickford because they fall within the act's commercial-speech

5

exemption. Alternatively, DOJO contends that Pickford did not demonstrate the act's applicability because he failed to show that DOJO's action is based on, relates to, or is in response to Pickford's exercise of the right of free speech, the right of association, or the right to petition. We address only DOJO's second issue because we conclude it is dispositive. *See* Tex. R. App. P. 47.1.

## Analysis

### A.  Relevant law and standard of review

The TCPA contemplates an expedited dismissal procedure applicable to claims brought to intimidate or silence a defendant's exercise of the rights to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). The TCPA establishes a three-step process for resolving a motion for expedited dismissal. *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 691 (Tex. 2018) (per curiam). But we can dispose of today's case without proceeding beyond the first step. Under the TCPA's former version, applicable here, a party invoking the act to dismiss a legal action must meet an initial burden to show by a preponderance of the evidence that the action "is based on, relates to, or is in response to" the moving party's exercise of the right of free speech, right to petition, or right of association.[6] Tex. Civ. Prac. & Rem. Code §§ 27.003(a); 27.005(b); *see also Coleman*, 512 S.W.3d at 898.

---

[6] The legislature amended the TCPA in 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Gen. Laws 684. The 2019 amendments do not apply to this case, which was filed prior to the effective date of the amendments. *See id.* §§ 11-12, 2019 Tex. Gen. Laws at 687 (providing that amendments apply to actions filed on or after September 1, 2019). We refer to the TCPA version applicable to this dispute.

6

As formerly defined, the exercise of a protected right includes:

- a communication between individuals who join together to collectively express, promote, pursue, or defend common interests, Tex. Civ. Prac. & Rem. Code § 27.001(2) (association);

- a communication made in connection with a matter of public concern, *id.* § 27.001(3) (speech); and

- a communication in, or pertaining to, or in connection with, certain statutorily identified legislative, executive, judicial, or other governmental proceedings, *id.* § 27.001(4) (petition).

All of these rights are predicated on a "communication," which means "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). The Supreme Court of Texas has held that the TCPA may protect both public and private communications. *See Coleman*, 512 S.W.3d at 899 (discussing *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam)).

We construe the TCPA liberally to effectuate its purpose and intent fully. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *Enterprise Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 293-94 (Tex. App.—Houston [14th Dist.] 2020, no pet.); Tex. Civ. Prac. & Rem. Code § 27.011(b). A court's determination of whether claims fall within the TCPA's framework is subject to de novo review. *See Adams*, 547 S.W.3d at 894. We must consider the relevant pleadings and any supporting or opposing affidavits "stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). We review these materials in the light most favorable to the nonmovant. *See Enterprise Crude GP*, 614 S.W.3d at 294.

7

**B.     Application**

In his motion to dismiss, Pickford argued that DOJO's claims are based on, related to, or in response to his exercise of all three TCPA-protected rights. Pickford asserted that DOJO's lawsuit was prompted by Pickford's involvement in the Longoria and Hoover Slovacek suits.

**1.     *The pleadings***

We begin by examining the allegations in DOJO's petition, which are the "best, and all sufficient evidence of the nature" of the claim. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). "When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more." *Id.*

In the "background" section of its petition, DOJO alleged that CKR gave the notice of lease termination to the tenants on March 9, 2017, and that the tenants' attorney mailed a letter to CKR the next day. In the letter, the tenants' attorney stated his clients' intent to sue based on the lease termination. According to DOJO, CKR's agent emailed a copy of the attorney's letter to Drake on March 28, 2017, and asked Drake to provide legal assistance. DOJO's key allegation is that Drake, Hoover Slovacek, and Pickford failed "to provide notice to DOJO of the Tenants' claims despite having received the Tenants' notice letter and a demand letter stating they would sue DOJO." DOJO contended an attorney-client relationship existed with Hoover Slovacek and that neither Pickford nor Drake took steps to correct DOJO's and CKR's understanding "regarding the agreement to provide legal services on behalf of DOJO with respect to the Tenants' claims."

Under the statement of its breach of contract claim, DOJO asserted that the defendants, including Pickford, breached contractual duties by "failing to send all notices and demands to DOJO." DOJO did not base its contract claim on any other

8

alleged breach of duty. Additionally, DOJO alleged that the defendants committed professional malpractice. As damages, DOJO alleged that the defendants' breach of duties caused it to incur legal expenses in defending the tenants' lawsuit, including the cost to settle the suit at an amount greater than what otherwise could have been achieved had the defendants provided timely notice of the attorneys' letter.

DOJO's petition does not allege that Pickford made a "communication" concerning the tenants' claims or the notice letter. Rather, it alleges that Pickford and the other defendants failed to communicate when they had a duty to do so. DOJO's claims are predicated on Pickford's alleged failure to communicate. As this court has determined, the TCPA rights to petition and of association and free speech are not implicated when the plaintiff-nonmovant's claims do not allege "communications."[7] Other courts are in accord.[8] The TCPA defines a

_____

[7] *See Allied Orion Grp., LLC v. Pitre*, No. 14-19-00681-CV, 2021 WL 2154065, at *3-4 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet.) (mem. op.) (because nonmovant's lawsuit did not assert "any claims based upon the making or submitting of any statement or document," TCPA did not apply); *see also Neely v. Allen*, No. 14-19-00706-CV, 2021 WL 2154125, at *8-10 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet. h.) (mem. op.) (holding TCPA did not apply because alleged conduct was not a communication); *Sanchez v. Striever*, 614 S.W.3d 233, 246 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (same).

[8] *See White Nile Software, Inc. v. Carrington, Coleman, Sloman & Blumenthal, LLP*, No. 05-19-00780-CV, 2020 WL 5104966, at *6 (Tex. App.—Dallas Aug. 31, 2020, pet. denied) (mem. op.) ("White Nile's claims based on Carrington Coleman's alleged failure to communicate are not subject to the TCPA."); *Clayton Mountain, LLC v. Ruff*, No. 11-20-00034-CV, 2021 WL 3414754, at *7 (Tex. App.—Eastland Aug. 5, 2021, no pet.) (mem. op.); *Clinical Pathology Labs., Inc. v. Polo*, No. 08-19-00067-CV, 2020 WL 4519803, at *5 (Tex. App.—El Paso Aug. 6, 2020, no pet.); *Krasnicki v. Tactical Ent., LLC*, 583 S.W.3d 279, 283 (Tex. App.—Dallas 2019, pet. denied) (because "Tactical did not allege any oral, written, audiovisual, or electronic communications in its claims against Krasnicki" and "[t]he basis of Tactical's claims against Krasnicki rests solely on its assertion that Krasnicki failed to communicate with Tactical," claims did not fall under TCPA); *see also SSCP Mgmt. Inc. v. Sutherland/Palumbo, LLC*, No. 02-19-00254-CV, 2020 WL 7640150, at *3 (Tex. App.—Fort Worth Dec. 23, 2020, pet. denied) (mem. op. on reh'g); *Ray v. Fikes*, No. 02-19-00232-CV, 2019 WL 6606170, at *3 (Tex. App.—Fort Worth Dec. 5, 2019, pet. denied) (mem. op.).

communication as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Tex. Civ. Prac. & Rem. Code § 27.001(1). This definition does not include a failure to communicate. *E.g.*, *Ray*, 2019 WL 6606170, at *3.

As Pickford correctly observes, DOJO alleged in the petition's factual background section that "Drake and Pickford provided legal advice and other services to CKR, and both Pickford and Drake participated in the events of which the Tenants complain." Homing in on those assertions, Pickford says they allege communications and that all of his "alleged liability to DOJO is based on, relates to, or is in response to Pickford's provision of legal advice and services to CKR." While giving legal advice would typically constitute a communication, we conclude for several reasons that these particular allegations do not show that DOJO's legal action is covered by the TCPA. The petition does not reference the Longoria or Hoover Slovacek matters at all, so there is no connection from the face of the pleading between any legal advice by Pickford and the Longoria and Hoover Slovacek lawsuits. Moreover, even though DOJO alleged that Pickford gave legal advice, the contract and negligence claims asserted do not reference the advice allegedly given, nor did DOJO allege that Pickford (or anyone else) gave bad or negligent advice. Instead, DOJO's claims referenced only the defendants' failure to provide timely notice of the tenants' claims. Further, DOJO's alleged damages are not linked in any way to legal advice by Pickford, but rest on the proposition that Pickford failed to communicate the letter regarding the tenants' potential claims.

At this stage of the litigation, to credit Pickford's belief that DOJO's suit is retaliatory would require this court to assume that DOJO filed the present suit in response to Pickford's involvement in the Longoria or Hoover Slovacek matters

simply because DOJO's action was later-filed. But "[t]here are myriad reasons for deciding if and when to bring a legal action against a person." *Beving v. Beadles*, 563 S.W.3d 399, 408 (Tex. App.—Fort Worth 2018, pet. denied). Pickford's argument essentially asks that we "ignore the factual predicate as alleged in [DOJO's] petition and instead engage in pure speculation . . . in order to divine that [DOJO] has artfully pleaded causes of action against [Pickford] to retaliate and punish" Pickford for his legal representation of CKR and Hoover Slovacek. *Id.* We cannot simply disregard the pleaded allegations or engage in speculation, especially considering that, at this preliminary stage, we must view DOJO's petition in the light most favorable to DOJO.[9] *See, e.g.*, *Enterprise Crude GP*, 614 S.W.3d at 294.

Pickford also suggests that we cannot accept DOJO's petition as true because to do so is to elevate unsworn allegations over Pickford's evidence even though DOJO presented no evidence supporting its claims. We have stated that a TCPA non-movant cannot rely solely on the allegations in its petition when meeting its prima facie burden in response to a motion to dismiss. *See Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 28-29 (Tex. App.—Houston [14th

---

[9] To be sure, one cannot evade the TCPA's mechanisms by artful pleading. *See Smith v. Crestview NuV, LLC*, 565 S.W.3d 793, 798 (Tex. App.—Fort Worth 2018, pet. denied). Nevertheless, courts cannot blindly accept attempts by a TCPA movant to characterize the plaintiff's claims as implicating protected expression. *Cook v. Simmons*, No. 05-19-00091-CV, 2019 WL 5884426, at *4 (Tex. App.—Dallas Nov. 12, 2019, pet. denied) (mem. op.). This is not an instance where the plaintiff alleges a communication but does not reveal its content, in which case the burden is on the TCPA movant to provide evidence of its content sufficient to demonstrate the act's applicability. *See Cook v. Kyser*, No. 05-19-00311-CV, 2019 WL 5884429, at *3 (Tex. App.—Dallas Nov. 12, 2019, pet. denied) (mem. op.) (when the plaintiff-nonmovant's pleadings and evidence do not reference the communication or its content and the defendant-movant does not plead or show the content of the particular communication it alleges is protected, courts are unable to conclude that the plaintiff-nonmovant's claims are in response to a protected communication and subject to the TCPA); *see also Simmons*, 2019 WL 5884426, at *3; *Smith*, 565 S.W.3d at 798; *Bacharach v. Doe*, No. 14-14-00947-CV, 2016 WL 269958, at *3 (Tex. App.—Houston [14th Dist.] Jan. 21, 2016, no pet.) (mem. op.).

Dist.] 2020, no pet.). But *Buzbee* involved the evaluation of evidence at the TCPA's *second* step, after the court already determined that the TCPA applied. We are concerned here with the act's *first* step, where the supreme court has said that the pleadings are the "best, and all sufficient evidence of the nature" of the claim. *Hersh*, 526 S.W.3d at 467. Of course, this case is not like *Hersh*, where the TCPA's applicability was clear from the plaintiff's pleading alone. *Id.* Here, DOJO's petition does not demonstrate the act's applicability because DOJO does not allege that Pickford made a "communication" regarding the tenants' claims and does not articulate damages related in any way to a communication by Pickford. So, it was Pickford's burden to prove the act's applicability by a preponderance of the evidence. *See* Tex. Civ. Prac. & Rem. Code §§ 27.003(a); 27.005(b). For the reasons explained in section 2 below, we conclude he did not do so. In short, although Pickford presented evidence of communications, he did not present evidence that DOJO's claims are based on, related to, or in response to the communications he identified.

Accordingly, we first conclude that, looking solely to the petition, DOJO's articulated claims are not based on, related to, or in response to Pickford's exercise of any TCPA-protected right because DOJO did not allege that Pickford made a communication regarding the tenants' notice letter. Thus, we turn to whether Pickford presented evidence with his motion to dismiss showing that he in fact exercised his TCPA-protected rights based on communications, and that DOJO's claims against him are based on, related to, or in response to his exercise of those rights.

2. *The evidence*

In his motion to dismiss, Pickford limited his argument and evidence to his communications with CKR in the Longoria and Hoover Slovacek lawsuits. In

12

arguing that the TCPA applies to those communications, Pickford provided the statutory definitions of the three protected rights and then posited that: "the allegations made in CKR's Lawsuit against Longoria, and the communication of said allegations between CKR and its lead counsel Pickford, therefore, constitute an 'exercise of the right of free speech'"; Pickford's role as lead counsel for CKR in the Longoria suit "constitute[s] an 'exercise of the right of association' of CKR and Pickford with each other"; and "[i]t goes without saying that the filing of the Lawsuit against Longoria itself invokes the right to petition."

In his affidavit, Pickford denied providing any legal advice or services to DOJO and disavowed any attorney-client relationship with DOJO altogether. Moreover, according to Pickford, he did not learn of the tenants' claims until December 2017, and the tenants' attorney never forwarded to him any notice, demand, or claim until April 2018. Thus, he did not identify any communication he made regarding the tenants' notice letter. Pickford's affidavit and supporting exhibits relate to communications that necessarily occurred after the events forming the basis of DOJO's present suit—i.e., CKR's eviction of the tenants, the tenants' subsequent demand letter, and Pickford's alleged failure to notify DOJO of the tenants' potential claims.[10]

Pickford also presented affidavits from Drake and a CKR representative, Caroline Kane. But neither affiant identified or described a communication by Pickford regarding the tenants' notice letter that would be germane to DOJO's

---

[10] The tenants' attorney sent CKR the demand letter in March 2017 and filed suit against DOJO in September 2017, so any failure by Pickford to send the notice or demand to DOJO necessarily would have occurred, if it occurred at all, between March and September 2017. CKR sued Longoria in October 2017 and DOJO filed its third-party claim against Hoover Slovacek in February 2018. Pickford has consistently denied having any knowledge of the tenants' issues with CKR until 90 days after the tenants' lawsuit was filed and thus has provided no evidence of any communications occurring during the relevant time period described in DOJO's petition.

13

pleaded claims against Pickford. Significantly, neither Drake nor Kane even mention Pickford in their respective affidavits.

Presuming the truth of all of Pickford's evidence, his motion did not establish that any communication occurred between him and DOJO or CKR regarding the tenants' claims or notice letter.

Even presuming that Pickford's legal advice in the Longoria or Hoover Slovacek lawsuits constituted "communications" under the TCPA, we still could not say that DOJO's present legal action is based on, related to, or in response to, those communications when they did not occur until months after the tenants' notice letter was first sent to Drake and after the tenants filed suit. *See, e.g.*, *Pierce v. Stocks*, No. 01-18-00990-CV, 2019 WL 3418513, at *5 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.) (mem. op.) (rejecting argument that underlying lawsuit filed by surgeon against former administrator was filed in response to administrator's federal lawsuit because claims were premised on conduct that occurred well before administrator filed her federal lawsuit); *Beving*, 563 S.W.3d at 408 (rejecting argument that third-party petition was based on defendant's affidavit and deposition testimony because causes of action in third-party petition arose out of facts occurring well before her affidavit and deposition). Pickford's evidence does not establish the necessary connection between DOJO's claims and Pickford's communications.

In a footnote, Pickford asserts that he also met his evidentiary burden under the TCPA's third step to show by a preponderance of the evidence each element of a valid defense to DOJO's breach of contract and legal negligence claims. *See* Tex. Civ. Prac. & Rem. Code § 27.005(d). But he does not ask this court to review that issue, and he does not brief it. Based on our holding, we would not have cause to address whether his contention is correct in any event because if the TCPA does

14

not apply, then we would not reach its third step. Of course, nothing about our opinion precludes Pickford from pursuing his defenses via available procedural mechanisms.

We thus conclude, in accordance with the controlling standard of review, that Pickford has failed to demonstrate by a preponderance of the evidence that DOJO's claims are based on, related to, or are in response to Pickford's exercise of the right to petition, association, or free speech under the TCPA. *See Marrujo v. Wisenbaker Builder Servs., Inc.*, No. 01-19-00056-CV, 2020 WL 7062318, at *9-11 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, no pet.) (mem. op.). Accordingly, the TCPA does not apply, and the trial court erred in granting the motion to dismiss.

**Conclusion**

For the above reasons, we sustain DOJO's second issue, reverse the trial court's judgment, and remand the case for further proceedings. Due to our disposition, we need not address DOJO's first issue, in which DOJO argues that the TCPA does not apply to its claims because of the commercial-speech exemption. Nor need we address Pickford's appeal seeking sanctions under section 27.009 of the act. *See* Tex. R. App. P. 47.1.


/s/ Kevin Jewell
Justice


Panel consists of Justices Jewell, Spain, and Wilson.